UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian Montalvo, #16633-069, | ) C/A No. 6:10-1626-RBH-KFM |
| Plaintiff, | ) |
| vs. | ) |
| John R. Owen, Warden;<br>R. Hankerson, Lieutenant;<br>Patterson, SIS Lieutenant;<br>Corzo, Unit Manager;<br>R. Westbrook, Case Manager;<br>D. Barberena, Unit Counselor;<br>Simmons, SHU Lieutenant;<br>All at BOP FCI-Williamsburg - Medium | ) **Report and Recommendation** |
| Defendants. | ) |

The Plaintiff, Brian Montalvo (Plaintiff), proceeding *pro se*, brings this action alleging violation of his constitutional rights by federal employees.[1] Plaintiff is an inmate at Federal Correctional Institution (FCI) Williamsburg, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names employees of FCI Williamsburg as defendants.[2]

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915;

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not

2

mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

The complaint states that Plaintiff's cell was searched on February 25, 2010, by defendant Patterson and two unknown officers. *See* Complaint, page 3. Plaintiff's cell was damaged during the search, therefore, Plaintiff was moved to another cell until repairs could be made. *Id.* On March 12, 2010, Plaintiff was placed "under arrest" and escorted to defendant Hankerson's office to be questioned about an escape attempt. *Id.* Defendant Hankerson told Plaintiff that information gleaned from the cell search on February 25th warranted Plaintiff's "placement in administrative detention." *Id.* Plaintiff was then placed in the Special Housing Unit (SHU) on a "single cell status because of the escape attempt accusation." *Id.*

On March 14, 2010, Plaintiff was served with an incident report for refusing to accept a cell mate and sanctioned with "30 days loss of commissary." *Id.* On April 1, 2010, Defendant Patterson interviewed Plaintiff about the alleged escape attempt and "advised [Plaintiff] that [he] was here in SHU for an escape attempt." *Id.* Plaintiff was also advised by defendant Patterson that he had enemies in general population and was asked to cooperate and "provide [Patterson with] information regarding other inmates in general population involved in criminal activities." *Id.* Plaintiff refused to cooperate and "Patterson became very aggressive," threatened to leave Plaintiff in SHU for the remainder of his

3

sentence, and threatened to issue incident reports that would result in the loss of Plaintiff's "good time" credits. *Id.*

Plaintiff states that he requested an update on the status of Plaintiff's "request for administrative remedy" from defendant Barberena on April 7, 2010. Defendant Barberena told Plaintiff that "word out in general population was that [Plaintiff] was in AD for escape." *Id.* at 4. Plaintiff names defendant Westbrook for failing to give Plaintiff timely notice of a program review hearing held on April 14, 2010, and for conducting the review meeting outside of Plaintiff's presence. *Id.*

On April 20, 2010, Plaintiff was "ordered [ ] out to general population, because [Plaintiff's] investigation for the escape attempt had concluded." *Id.* However, Plaintiff had concerns for his safety in general population, which he discussed with defendant Simmons. Defendant Simmons advised Plaintiff that incident reports would be issued for Plaintiff's refusal to return to general population. *Id.* Later that day, defendant Corzo visited Plaintiff and reiterated that "placement in AD was not warranted anymore." *Id.* at 5. Defendant Corzo warned Plaintiff that incident reports would be issued if Plaintiff continued to refuse placement in general population. *Id.* Defendant Corzo also threatened Plaintiff with loss of "all [his] good conduct time" and "yelled in open range that [Plaintiff] would be considered a PC (Protected Custody Case)." *Id.* On May 11, 2010, defendant Owens accepted an inmate request from Plaintiff, which was forwarded to the "SIS Department for review." *Id.* Plaintiff states "to date I have not receive[d] an AD order, all my requests for administrative remedy's (BP-9) continue to go unanswered, Mr. Patterson has continue[d] to disregard my concerns, no transfer has been recommended . . . and a

4

retaliation has [arisen] because of my numerous complaints." *Id.* Plaintiff seeks injunctive relief. *Id.* at 6.

## Discussion

Plaintiff is bringing suit against employees of a federal prison. As such, his constitutional claims are evaluated under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. *See Carlson v. Green*, 446 U.S. 14,18 (1980); *Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982). *See also Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-1242 (11th Cir. 2000); *Campbell v. Civil Air Patrol*, 131 F. Supp. 2d 1303, 1310, n. 8 (M.D. Ala. 2001)("the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*.)

The instant complaint alleges a denial of due process associated with Plaintiff's placement in administrative detention on March 12, 2010. Plaintiff claims that, although he was verbally advised of the reason for his administrative segregation on at least two occasions, he was never served with an "AD order." Plaintiff also alleges that he was not given notice of, or allowed to attend, a program review meeting. In order to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. *Beverati v. Smith*, 120 F.3d 500, 502 (4th

Cir.1997). When the punishment does not cause the original sentence to be enhanced, protected interests will be generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest).

In the case *sub judice*, Plaintiff states that he was threatened with the loss of good-time credits, but makes no allegations or representations to the Court that any good-time credits were actually taken as a result of the administrative detention. In fact, the only lost privilege cited by Plaintiff, during his administrative detention, is a thirty-day loss of commissary. Nor does Plaintiff provide any facts to suggest that his segregation resulted in an increase in the sentence imposed. As such Plaintiff has failed to show that the defendants' actions enhanced Plaintiff's sentence in such a way as to implicate a protected liberty interest, and give rise to the protection of the Due Process Clause by its own force. *See, e.g., Beverati*, 120 F.3d at 502 (4th Cir.1997) (confinement in administrative segregation does not exceed the sentence imposed in such an extreme way as to give rise to the protection of the Due Process Clause by its own force, and inmates did not possess a liberty interest in avoiding administrative segregation).

Further, Plaintiff has failed to show that the conditions of segregated confinement constituted an atypical and significant hardship in relation to the ordinary incidents of prison life. In fact, Plaintiff provides no facts to indicate that his experience in segregated confinement was significantly different from his placement in a regular cell. *See Gaston*

*v. Taylor*, 946 F.2d 340, 343 (4th Cir.1991)("[C]hanges in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate are contemplated by his original sentence to prison ..."). As Plaintiff fails to demonstrate that his disciplinary conviction implicates a protected liberty interest, or that his segregated confinement constitutes an atypical hardship, Plaintiff's due process claim is subject to summary dismissal.

Plaintiff also claims that his administrative remedies have not been answered by the defendants. However, inmates have no constitutionally protected right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Huff v. Outlaw,* Civil Action No. 9:09-0520-RBH-BM, 2010 WL 1433466, at *10 (D.S.C. March 8, 2010); *Blagman v. White*, 112 F. Supp. 2d 534, 542 (W.D. Va. 2000)(inmate has no constitutional entitlement to grievance procedure); *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000). Therefore, Plaintiff's claims that his administrative remedies have been ignored are not cognizable under 42 U.S.C. § 1983/*Bivens*.

Plaintiff also appears to allege some verbal abuse by defendants Patterson and Corzo, who allegedly threatened to take Plaintiff's good time credit for refusing to return to the general population. However, while a threat of harm, combined with action designed to carry out the threat may state an Eighth Amendment claim, *Hudspeth v. Figgins*, 584 F.2d 1345, 1348 (4th Cir. 1978), verbal abuse of an inmate by guards, without more, states no claim. *Morrison v. Martin*, 755 F. Supp. 683, 687 (E.D.N.C.), *aff'd Morrison v. Martin*, 917 F.2d 1302 (4th Cir. 1990). Verbal abuse of an inmate, although clearly unprofessional

and inappropriate, does not rise to the level of a constitutional violation. *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992); *Carter v. Morris*, 164 F.3d 215, 219 n. 3 (4th Cir. 1999). As Plaintiff fails to allege that defendants Patterson and Corzo did anything more than verbally threaten Plaintiff with sanctions, any verbal abuse claim Plaintiff may be attempting to allege is subject to dismissal.

Finally, Plaintiff claims retaliation by the defendants due to Plaintiff's numerous complaints. The law clearly states that "[r]etaliation by a public official for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper." *American Civil Liberties Union, Inc. v. Wicomico County*, 999 F. 2d 780, 785 (4th Cir. 1993). However, the Fourth Circuit Court of Appeals has also mandated that claims of retaliation should be regarded with skepticism. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); Adams *v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). The Fourth Circuit further states:

> [W]e believe that *in forma pauperis* plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal to survive § 1915(d). To hold otherwise would be to bring virtually every unpopular decision by state actors within the scope of a cause of action for retaliation.

*Adams*, 40 F.3d at 74.

Thus, to state a claim of retaliation under § 1983/*Bivens* , a plaintiff must "allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams*, 40 F.3d. 72 at 75. An inmate must also present more than conclusory accusations of retaliation, *Id.* at 74, and must provide facts that show the exercise of his constitutional right was a substantial factor

8

motivating the retaliation. *See, e.g., Cochran* 73 F.3d at 1318; *Hughes v. Bledsoe*, 48 F.3d. 1376, 1387 n. 11 (4th Cir. 1995). Finally, a plaintiff must show that he suffered some adverse impact on the continued exercise of his constitutional rights as a result of the retaliatory conduct. *American Civil Liberties Union*, 999 F.2d at 785.

In the instant action, Plaintiff claims that he has suffered from retaliatory conduct due to filing numerous complaints. However, Plaintiff provides no factual support for this conclusory statement. As the Supreme Court recently stated, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citations omitted). Additionally, as stated above, Plaintiff has no constitutionally protected right to a grievance procedure. As Plaintiff's conclusory allegations fail to demonstrate retaliatory conduct in response to the exercise of a constitutionally protected right, Plaintiff's retaliation claim must fail.

## Recommendation

Accordingly, it is recommended that the complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

July 12, 2010                                        s/Kevin F. McDonald
Greenville, South Carolina                 United States Magistrate Judge

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).