```
IN THE UNITED STATES DISTRICT COURT
  FOR THE DISTRICT OF SOUTH CAROLINA
            GREENVILLE DIVISION
```

| | |
|---|---|
| Brian Montalvo, ) | Civil Action No.: 6:10-cv-01626-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| John R. Owen, Warden; R. Hankerson, ) | |
| Lieutenant; Patterson, SIS Lieutenant; ) | |
| Corzo, Unit Manager; D. Barberena, ) | |
| Unit Counselor; Simmons, SHU Lieutenant; ) | |
| R. Westbrook, Case Manager; all at B.O.P. ) | |
| FCI Williamsburg Medium; ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, a federal prisoner proceeding *pro se*, brought this suit pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). This matter is before the court with the [Docket Entry 10] Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald[1] filed on July 12, 2010. Also before the court is Plaintiff's [Docket Entry 29] Motion to Amend/Correct Complaint filed on September 9, 2010.[2]

## Procedural History

Plaintiff filed his *pro se* Complaint in this action on June 20, 2010.[3] Compl. [Docket Entry 1]. Plaintiff alleges in the Complaint that Defendants, employees of FCI Williamsburg, violated his constitutional rights.

---

[1] This matter was automatically referred to Magistrate Judge McDonald pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), (D.S.C.).

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to district court).

[3] *Houston v. Lack*, 487 U.S. 266.

On June 24, 2010, Plaintiff filed a motion to proceed *in forma pauperis* ("*IFP*"). The Magistrate Judge granted Plaintiff's motion to proceed *IFP* on July 12, 2010. [Docket Entries 8 & 9].

Also on July 12, 2010, the Magistrate Judge issued his R & R after reviewing Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. In his R & R, the Magistrate Judge recommended that the court should dismiss Plaintiff's Complaint without prejudice and without issuance and service of process. R & R at 9. After receiving extensions of time in which to file objections, Plaintiff timely filed objections to the R & R on August 28, 2010.[4]

Thereafter, on September 9, 2010,[5] Plaintiff filed his [Docket Entry 29] Motion to Amend/Correct Complaint. In the Motion, Plaintiff seeks to amend his Complaint to include additional parties based on events that occurred after Plaintiff initially filed his Complaint in this action.

**Factual Background**

The court notes that the factual allegations of this case were completely and accurately set forth in the Magistrate Judge's R & R, which this Order adopts and incorporates by reference. Moreover, Plaintiff did not object to the Magistrate Judge's recitation of the facts in his R & R, and therefore this court need not repeat the facts herein.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court.

---

[4] *Houston v. Lack*, 487 U.S. 266.

[5] *Id.*

*Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

I.  Magistrate Judge's R & R

In his R & R, the Magistrate Judge ultimately concluded that Plaintiff's Complaint should be dismissed without prejudice and without issuance and service of process. Plaintiff filed six (6) specific objections to the Magistrate Judge's R & R. The court will address those objections in turn, as follows.

    a.    Objection #1

Plaintiff first argues that "[t]he Magistrate erroneously labeled Plaintiff's complaint under 42 U.S.C. § 1983 and not under 28 U.S.C. § 1331 & 1343(a)(3) because the constitutional violation[s] were caused by officials acting under color of federal law." Obj. at 1. This objection is without merit. The Magistrate Judge specifically stated on page 5 of the R & R that "Plaintiff is

bringing suit against employees of a federal prison. As such, his constitutional claims are evaluated under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971) . . . ." R & R at 5. The Magistrate Judge then analyzed each of Plaintiff's claims under the appropriate standards for *Bivens* actions.[6] This is consistent with Plaintiff's Complaint, which indicates that this is a *Bivens* action. Compl. at 1. Accordingly, the court overrules this objection and finds that the Magistrate Judge did not construe this action as one under § 1983, but rather properly construed it as a *Bivens* action.

    b.    <u>Objection #2</u>

In his second objection, Plaintiff contends that "[t]he Magistrate erroneously construe[d] Plaintiff's Memorandum with Points of Authority in Support of his Bivens Complaint under 28 U.S.C. § 1331 & 1343 to a Motion to Proceed In Forma Pauperis." Obj. at 1. This objection is also without merit. There is nothing in the record or on the Docket to indicate that the Magistrate Judge construed Plaintiff's Memorandum in Support of his Complaint as a motion to proceed *IFP*. Rather, to the contrary, the Docket indicates that Plaintiff's [Docket Entry 1-3] Memorandum in Support of his Bivens Complaint was docketed as just that, a memorandum in support. Moreover, the Magistrate Judge's [Docket Entry 8] Order granting Plaintiff's Motion to Proceed *IFP* references only Plaintiff's [Docket Entry 2] Motion for Leave to Proceed *IFP*. Accordingly, the court finds that the Magistrate Judge did not construe Plaintiff's Memorandum in Support of his Bivens Complaint

---

[6] The court notes that, as the Magistrate Judge correctly stated, "[a] *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa." R & R at 5 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 n.30 (1982); *Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-1242 (11th Cir. 2000); (*Campbell v. Civil Air Patrol*, 131 F. Supp. 2d 1303, 1310 n.8 (M.D. Ala. 2001)). Therefore, even though the Magistrate Judge may have applied some § 1983 case law to Plaintiff's claims, the Magistrate Judge still properly construed and analyzed Plaintiff's complaint as a *Bivens* action.

4

as an *IFP* motion.

    c.    Objection #3

Plaintiff's third objection goes to the merits of his claim. Plaintiff argues that the "Magistrate [erred] in concluding that Plaintiff failed to show that defendant's actions enhanced Plaintiff's sentence in such a way as to implicate protected liberty interest . . . ." Obj. at 1. Rather, Plaintiff contends that, by being placed in "Administrative Detention," he "was deprived of all the privileges [available] in general population . . . ." *Id.* Upon review, the court finds that the arguments contained in this conclusory objection were already thoroughly and correctly analyzed by the Magistrate Judge.

"In order to prevail on a . . . due process claim, Inmates must first demonstrate that they were deprived of 'life, liberty, or property' by governmental action." *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). If punishment of an inmate does not cause the original sentence to be enhanced, his or her protected interests will generally be limited to freedom from restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Beverati*, 120 F.3d at 502. "[C]hanges in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and] are contemplated by his original sentence to prison . . . ." *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991).

In the case at bar, Plaintiff has not shown, or even alleged, that Defendants' actions *enhanced* Plaintiff's sentence in such a way as to implicate a protected liberty interest. As a matter of fact, as the Magistrate Judge correctly notes, while Plaintiff alleges that Defendants threatened the loss of good-time credits, Plaintiff does not allege that the good-time credits were ever actually taken as a

result of the administrative detention. *See* R & R at 6. In addition, Plaintiff has not provided the court with any facts that tend to show his experience in administrative segregation was significantly different or atypical from his placement in the general population.[7] Plaintiff's conclusory statement is insufficient. Accordingly, the court overrules this objection and agrees with the Magistrate Judge that Plaintiff's due process claim in association with his placement in administrative detention should be summarily dismissed as Plaintiff has failed to demonstrate that his "disciplinary conviction implicate[d] a protected liberty interest[] or that his segregated confinement constitute[d] an atypical hardship." R & R at 7.

d. Objection #4

The Magistrate Judge found that "Plaintiff's claims that his administrative remedies have been ignored [by Defendants] are not cognizable under 42 U.S.C. § 1983/*Bivens*." *Id.* Liberally construing Plaintiff's fourth objection, Plaintiff argues that this recommendation is incorrect due to the fact that Plaintiff is required to exhaust all administrative remedies. *See* Obj. at 2. While Plaintiff is correct that a prisoner is required to exhaust all available administrative remedies prior to filing a suit in federal court challenging the conditions of confinement,[8] exhaustion of these claims is not at issue in this case. In addition, the law is clear that inmates have no constitutionally protected right

---

[7] The Fourth Circuit has held the following:

> In order to determine whether the inmates possessed a liberty interest, [the court] must compare the conditions to which they were exposed in administrative segregation with those they could expect to experience as an ordinary incident of prison life. This analysis necessarily is fact specific in that it requires a determination of the conditions the prisoner maintains give rise to a liberty interest and those incident to normal prison life.

*Beverati*, 120 F.3d at 503.

[8] *See* U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]here is no constitutional right to participate in grievance proceedings."); *see also Murphy v. Inmate Sys. Mgmt., Inc.*, No. 1:03-0170, 2008 WL 793631, at *5 n.2 (S.D.W. Va. March 20, 2008) ("Federal inmates have no constitutional right to participate in the BOP's administrative grievance proceedings."); *Cyrus v. U.S. Marshals of Columbia*, No. 8:05-1384-HFF-BHH, 2007 WL 601610, at *5 (D.S.C. Feb. 21, 2007) ("Even if the prison provides for a grievance procedure, as the BOP does, violations of those procedures do not amount to a civil rights cause of action."); *Blagman v. White*, 112 F. Supp. 2d 534, 542 (W.D. Va. 2000) (similar holding). Therefore, the court overrules this objection and adopts the Magistrate Judge's recommendation regarding Plaintiff's claim that his administrative remedies have been ignored.

 e. Objection #5

Plaintiff alleges that Defendants have retaliated against him for exercising a constitutionally protected right–specifically, filing a complaint. *See* Compl. at 6. However, the Magistrate Judge found that "Plaintiff's conclusory allegations fail to demonstrate retaliatory conduct in response to the exercise of a constitutionally protected right, [and therefore] Plaintiff's retaliation claim must fail." R & R at 9. Plaintiff objected to this recommendation. Upon review, the court agrees with the Magistrate Judge's recommendation.

Initially, the court notes that Plaintiff's objection merely states in a conclusory fashion that Defendants had allegedly retaliated against Plaintiff. In addition, Plaintiff's objection simply refers the court to Plaintiff's Memorandum in Support of the Complaint, which was pending on the Docket at the time the Magistrate Judge analyzed Plaintiff's claims. Plaintiff does not provide the court with any new facts or allegations in his objections sufficient to overcome the Magistrate Judge's

7

recommendation.

More importantly, the court has reviewed the Complaint, R & R, and objections, and finds itself in agreement with the Magistrate Judge. In order to state a claim of retaliation under § 1983, a plaintiff must "allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams*, 40 F.3d at 75. The Fourth Circuit has held that claims of retaliation must be "regarded with skepticism," because "[t]o hold otherwise would be to bring virtually every unpopular decision by state actors within the scope of a cause of action for retaliation." *Id.* at 74. Accordingly, "plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal to survive . . . ." *Id.*

In our case, Plaintiff has provided no factual support for his conclusory allegation of retaliation. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (citations omitted). In his Complaint, Plaintiff asks the court to "stop" and "prevent Defendants from retaliating against him for [bringing] this Complaint." Compl. at 6. Even assuming, *arguendo*, that the factual allegations in the Complaint support a retaliation claim, which the court finds they do not, all of the allegations occurred prior to the filing date of the Complaint and therefore cannot have been in retaliation for filing said Complaint. In addition, as discussed above, Plaintiff has no constitutionally protected right to a grievance procedure. Therefore, to the extent Plaintiff alleges that the retaliation stems from his filing of grievances, the claim must fail. *See Adams*, 40 F.3d at 75 ("A claim of retaliation that fails to implicate any constitutional right 'lacks even an arguable basis in law,' . . . and is properly subject

to dismissal under § 1915(d).") (citations omitted). Accordingly, the court overrules this objection and adopts the recommendation of the Magistrate Judge.

f. Objection #6

Plaintiff's final objection is that "the Magistrate failed to address Plaintiff's allegation/complaint and or escape issue on defendants failure to follow the appropriate procedures as required by the BOP and FBI policy . . . ." Obj. at 2. However, Plaintiff's objection is without merit. To the extent the objection relates to Defendants' alleged failure to answer Plaintiff's administrative remedies, the Magistrate Judge did, in fact, properly analyze that claim in his R & R, as the undersigned discussed above. *See supra* pp. 6-7. Moreover, to the extent Plaintiff is arguing that the Magistrate Judge failed to analyze his procedural due process claim relating to his placement in administrative segregation, that claim is equally without merit. In his Memorandum in Support of his Complaint, Plaintiff cites a Second Circuit case, *Taylor v. Rodriguez*, 238 F.3d 188 (2nd Cir. 2001), and argues that Defendants violated his procedural due process by not providing Plaintiff with proper notice and a proper order, among other things, prior to placing him in administrative segregation. *See* Memo. in Supp. at 4-5. However, even the *Taylor* case, which Plaintiff cited, recognizes that, regardless of whether Plaintiff was provided the necessary procedural due process, "he cannot succeed on his claims if he fails to establish a protected liberty interest." *Taylor*, 238 F.3d at 194. As discussed above, *see supra* pp. 5-6, the Fourth Circuit has held similarly. Therefore, because the Magistrate Judge and the undersigned have concluded that Plaintiff has failed to demonstrate that his "disciplinary conviction implicate[d] a protected liberty interest[] or that his segregated confinement constitute[d] an atypical hardship," it was unnecessary for the Magistrate Judge to have undertaken any analysis of an alleged failure to provide notice and a segregation order.

R & R at 7.

II. Plaintiff's Motion to Amend

After filing his objections to the R & R, Plaintiff filed a motion to amend the Complaint on September 9, 2010.[9] Plaintiff seeks to amend his Complaint to add multiple new defendants based on an alleged incident occurring on August 14, 2010. *See* Motion to Amend at 2. Plaintiff alleges that prison officials served him a plate of spaghetti, and that Plaintiff found a toothpick inside the spaghetti. *See id.* More specifically, Plaintiff claims that several of the new defendants have failed to respond to his complaints regarding the toothpick incident. *See* Actions of Defendants [Docket Entry 29-2].

Plaintiff is allowed to amend his Complaint once as a matter of right pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. Rule 15(a)(1)(B) provides that "[a] party may amend its pleading once as a matter of course within . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." No responsive pleading has been filed in this case. Accordingly, Plaintiff's Motion to Amend is allowed as a matter of course.

Having granted Plaintiff's Motion to Amend, the court must conduct a frivolity review of Plaintiff's amended complaint. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a). Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer, and "shall dismiss" any action that is "frivolous or malicious" or that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b). Upon review, the court finds that Plaintiff's complaint, as amended, should be dismissed pursuant to § 1915(e)(2).

---

[9] Filing date under *Houston v. Lack*, 487 U.S. 266.

10

First, it does not appear that Plaintiff has exhausted these new claims relating to the toothpick incident. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Booth v. Churner*, 532 U.S. 731, 733-34 (2001) (stating that a prisoner is required to "exhaust 'such administrative remedies as are available' before suing over prison conditions") (citations omitted). The toothpick incident allegedly occurred on August 14, 2010, and Plaintiff sought to add these claims to this Federal lawsuit less than one (1) month after that date, specifically on September 9, 2010. The court notes that the Federal Bureau of Prisons ("BOP") has established administrative procedures whereby a federal inmate may seek review of complaints relating to his confinement. By filing his Motion to Amend shortly after the incident in question, it does not appear that Plaintiff had enough time in which to exhaust the BOP's administrative remedies, as required.

Second, and more importantly, even if Plaintiff has exhausted these new claims, the claims are without merit for the same reasons as discussed above and by the Magistrate Judge. Most notably, Plaintiff's new allegations relate to several different prison officials' failure to respond to his complaints regarding the toothpick incident;[10] however, as discussed above, inmates have no constitutionally protected right to a grievance procedure. *See Adams*, 40 F.3d at 75. Accordingly, Plaintiff's amended complaint should be dismissed pursuant to § 1915(e)(2)(B).

## Conclusion

The court has thoroughly reviewed the R & R, objections, motions, pleadings, and applicable

---

[10] *See* Actions of Defendants [Docket Entry 29-2].

11

law. For the reasons set forth above and by the Magistrate Judge, the court overrules all of Plaintiff's objections and hereby adopts and incorporates by reference the R & R of the Magistrate Judge.

Based on the foregoing, it is therefore **ORDERED** that Plaintiff's Motion to Amend the Complaint is hereby **GRANTED**; however

**IT IS FURTHER ORDERED** that Plaintiff's Complaint, as amended, is **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
November 16, 2010